UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MAXEY,<br><br>     Plaintiff,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>     Defendants. | No. 2:13-cv-2620-TLN-DAD PS |
| JAMES C. MAXEY,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED STATES SECRET SERVICE,<br><br>     Defendant. | No. 2:14-cv-367-KJM-CKD PS |
| JAMES C. MAXEY,<br><br>     Plaintiff,<br><br>  v.<br><br>THOMAS RALEY,<br><br>     Defendant. | No. 2:14-cv-369-KJM-AC PS |

/////

1

| | |
|---|---|
| JAMES C. MAXEY,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN GARAMENDI,<br><br>          Defendant. | No.  2:14-cv-370-TLN-DAD PS |
| JAMES C. MAXEY,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMES SANCHEZ,<br><br>          Defendant. | No.  2:14-cv-371-KJM-AC PS |
| JAMES C. MAXEY,<br><br>          Plaintiff,<br><br>     v.<br><br>CHRISTOPHER CHRISTIE,<br><br>          Defendant. | No.  2:14-cv-372-KJM-KJN PS |
| JAMES C. MAXEY,<br><br>          Plaintiff,<br><br>     v.<br><br>NATIONAL BASKETBALL<br>ASSOCIATION, INC.,<br><br>          Defendant. | No.  2:14-cv-374-GEB-CKD PS |
| JAMES C. MAXEY,<br><br>          Plaintiff,<br><br>     v.<br><br>KEVIN JOHNSON,<br><br>          Defendant. | No.  2:14-cv-375-KJM-CKD PS |

/////

| | |
|---|---|
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>   v.<br><br>GEORGE BUSH I,<br><br>        Defendant. | No. 2:14-cv-377-GEB-CKD PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>   v.<br><br>DARRELL STEINBERG,<br><br>        Defendant. | No. 2:14-cv-378-MCE-EFB PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>   v.<br><br>MARIA SHRIVER,<br><br>        Defendant. | No. 2:14-cv-379-MCE-AC PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN VOLEK,<br><br>        Defendant. | No. 2:14-cv-380-TLN-EFB PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>   v.<br><br>ALBERTO GONZALES,<br><br>        Defendant. | No. 2:14-cv-381-TLN-AC PS |

/////

| | |
|---|---|
| JAMES C. MAXEY,<br><br>       Plaintiff,<br><br>  v.<br><br>RAMONA WILLIAMS,<br><br>       Defendant. | No.  2:14-cv-382-LKK-DAD PS |
| JAMES C. MAXEY,<br><br>       Plaintiff,<br><br>  v.<br><br>ROBERT MUIR MAXEY,<br><br>       Defendant. | No.  2:14-cv-383-MCE-CKD PS |
| JAMES C. MAXEY,<br><br>       Plaintiff,<br><br>  v.<br><br>MICHAEL MUKASEY,<br><br>       Defendant. | No.  2:14-cv-384-JAM-DAD PS |
| JAMES C. MAXEY,<br><br>       Plaintiff,<br><br>  v.<br><br>TROY NUNLEY,<br><br>       Defendant. | No.  2:14-cv-386-LKK-DAD PS |
| JAMES C. MAXEY,<br><br>       Plaintiff,<br><br>  v.<br><br>GARLAND BURRELL,<br><br>       Defendant. | No.  2:14-cv-387-MCE-AC PS |

/////

| | |
|---|---|
| JAMES C. MAXEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN DELANEY,<br><br>　　　　　Defendant. | No.  2:14-cv-388-KJM-KJN PS |
| JAMES C. MAXEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>U.S. DISTRICT COURT JUDGE MUELLER,<br><br>　　　　　Defendant. | No.  2:14-cv-389-TLN-KJN PS |
| JAMES C. MAXEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ELIZABETH BELYEA,<br><br>　　　　　Defendant. | No.  2:14-cv-425-TLN-AC PS |
| JAMES C. MAXEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KAREN LINDE,<br><br>　　　　　Defendant. | No.  2:14-cv-426-MCE-AC PS |
| JAMES C. MAXEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROZ GOLDENBERG,<br><br>　　　　　Defendant. | No.  2:14-cv-427-MCE-AC PS |

/////

| | |
|---|---|
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>   v.<br><br>JANET HIGH,<br><br>        Defendant. | No.  2:14-cv-428-JAM-KJN PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>   v.<br><br>SCOTT LESLIE,<br><br>        Defendant. | No.  2:14-cv-429-JAM-KJN PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>   v.<br><br>MARY CONWAY,<br><br>        Defendant. | No.  2:14-cv-430-KJM-DAD PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>   v.<br><br>UNKNOWN,<br><br>        Defendant. | No.  2:14-cv-431-LKK-CKD PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>   v.<br><br>KAREN STANLEY,<br><br>        Defendant. | No.  2:14-cv-432-GEB-CKD PS |

/////

| | |
|---|---|
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>  v.<br><br>JOANNE FOCTUNATO,<br><br>        Defendant. | No.  2:14-cv-433-KJM-DAD PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>  v.<br><br>KENNETH WHARRY,<br><br>        Defendant. | No.  2:14-cv-434-JAM-CKD PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>  v.<br><br>CONDOLEZA RICE,<br><br>        Defendant. | No.  2:14-cv-435-MCE-CKD PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>  v.<br><br>DAVID KNOLL,<br><br>        Defendant. | No.  2:14-cv-436-KJM-EFB PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>  v.<br><br>RONALD MARTINEZ,<br><br>        Defendant. | No.  2:14-cv-437-KJM-KJN PS |

/////

| | |
|---|---|
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFF TISDEL,<br><br>        Defendant. | No.  2:14-cv-438-LKK-DAD PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>    v.<br><br>DONALD RUMSFELD,<br><br>        Defendant. | No.  2:14-cv-439-GEB-EFB PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIAM DUNCAN,<br><br>        Defendant. | No.  2:14-cv-440-TLN-AC PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL FOOTBALL LEAGUE (N.F.L.),<br><br>        Defendant. | No.  2:14-cv-441-TLN-DAD PS |
| JAMES C. MAXEY,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS RIDGE,<br><br>        Defendant. | No.  2:14-cv-442-MCE-EFB PS |

/////

| | | |
|---|---|---|
| 1 | JAMES C. MAXEY, | No. 2:14-cv-443-JAM-EFB PS |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | KULWANT SINGH, | |
| 5 | Defendant. | |
| 6 | JAMES C. MAXEY, | No. 2:14-cv-444-JAM-CKD PS |
| 7 | Plaintiff, | |
| 8 | v. | |
| 9 | BRIAN MARTEL, | |
| 10 | Defendant. | |
| 11 | JAMES C. MAXEY, | No. 2:14-cv-445-TLN-CKD PS |
| 12 | Plaintiff, | |
| 13 | v. | |
| 14 | HARLEY SAUVAGE, | |
| 15 | Defendant. | |
| 16 | JAMES C. MAXEY, | No. 2:14-cv-446-TLN-DAD PS |
| 17 | Plaintiff, | |
| 18 | v. | |
| 19-20 | ROGER GOODELL (NATIONAL FOOTBALL LEAGUE), | |
| 21 | Defendant. | |
| 22 | JAMES C. MAXEY, | No. 2:14-cv-447-KJM-CKD PS |
| 23 | Plaintiff, | |
| 24 | v. | |
| 25 | JASON GANT, | |
| 26 | Defendant. | |
| 27 | | |
| 28 | ///// | |

9

| | | |
|---|---|---|
| 1 | JAMES C. MAXEY, | No. 2:14-cv-448-MCE-EFB PS |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | SAN DIEGO INTERNATIONAL AIRPORT, | |
| 5 | | |
| 6 | Defendant. | |
| 7 | JAMES C. MAXEY, | No. 2:14-cv-900-JAM-KJN PS |
| 8 | Plaintiff, | |
| 9 | v. | RELATED CASE ORDER AND FINDINGS AND RECOMMENDATIONS |
| 10 | UNITED STATES; PRESIDENT BARACK OBAMA, and Does 1 through 999, | |
| 11 | | |
| 12 | Defendants. | |

Examination of the above-entitled actions reveals that the actions are related within the meaning of E.D. Cal. Local Rule 123. The actions involve similar claims and similar questions of fact and law, and would therefore entail a substantial duplication of labor if heard by different judges. *See* E.D. Cal. L.R. 123(a). Accordingly, the assignment of the matters to the same judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

Pursuant to the Related Case Order issued on January 27, 2014, in the lead case of *Maxey v. Cal. State Bar Assn.,* No. 2:14-cv-133-JAM-EFB PS, relating 61 other actions, the Related Case Order issued on January 28, 2014, in the lead case of *Maxey v. Cal. Medical Bd.,* No. 2:14-cv-238-JAM-EFB PS, relating an additional 8 cases, and the Related Case Order issued on February 3, 2014, in the lead case of *Maxey v. McConnell*, No. 2:14-cv-269-JAM-EFB PS, relating an additional 29 cases, these above-captioned actions will be reassigned to Judge Mendez and Magistrate Judge Brennan. The parties should be aware that relating the cases under Local Rules 123 merely has the result that both actions are assigned to the same judge; no consolidation of the actions is affected.

10

A.      Motions to Proceed *In Forma Pauperis*

In each of the above-entitled actions, in which plaintiff is proceeding *in propria persona*, plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declarations make the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the requests to proceed *in forma pauperis* are granted.[1] 28 U.S.C. § 1915(a).

B.      Screening of Plaintiff's Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. In reviewing each of the above captioned complaints under this standard, it is apparent that they must be dismissed.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

---

[1] In *Maxey v. Condoleezza Rice*, No. 2:14-cv-435-MCE-CKD PS, plaintiff did not file a motion to proceed *in forma pauperis*. Since plaintiff has moved to proceed *in forma pauperis* in the other 42 cases currently before the court, and has made the showing required by 28 U.S.C. § 1915(a)(1) and (2) in each of those cases, the court will permit plaintiff to proceed *in forma pauperis* in *Maxey v. Condoleezza Rice*, No. 2:14-cv-435-MCE-CKD PS.

favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Here, as with the other 98 actions plaintiff has filed with this court, the complaints filed in the 45 above-entitled actions are frivolous.  *See Maxey v. Cal. State Bar Assn.*, 2:14-cv-133-JAM-EFB PS, ECF Nos. 3, 5; *Maxey v. Cal. Medical Bd.*, No. 2:14-cv-238-JAM-EFB PS, ECF Nos. 3, 4; *Maxey v. McConnell*, No. 2:14-cv-269-JAM-EFB PS, ECF Nos. 3, 4.  Between February 5, 2014, and February 10, 2014, plaintiff filed 43 of the 45 above-entitled actions.  In each of these 43 cases, plaintiff filed one of two different complaints; the complaints of each version having nearly the same text as the others of that version.  Both versions allege that plaintiff's claims arise from "plaintiff being deprived the most basic rights guaranteed by the California and United States Constitution and statutory law."

In one version, plaintiff asserts claims styled as: "Corrupt Organization, Insurance Fraud and Fraudulent Misrepresentation."  In this version, he contends that he suffered injury due to the actions of the U.S. Department of Homeland Security, George W. Bush, Janet Scully, and Arnold Schwarzenegger.  He claims that these individual, along with various federal, state, and local agencies "illegally acquired monetary compensation based upon the U.S. Department of Homeland Security, Fox News Channel and Ruppert [sic] Murdoch['s] fraudulent misrepresentation of the plaintiff  as being 'Osama Bin Laden.'"  Plaintiff seeks "monetary compensation for wrongful violations of human rights, civil rights, privacy rights, harassment, intimidation, coercion, blackmail, physical assault, attempted murder, false arrest, false conviction, false imprisonment and criminal conspiracy to commit murder."

In the other version of the complaints, plaintiff asserts claims styled as: "(1) Corrupt Organization, Insurance Fraud, Fraudulent Misrepresentation, Blackmail, Attempted Murder and 'Gay Marriage;'" (2) "Defamation of Character, Fraudulent Misrepresentation, and Slander;" and

(3) "Voter Fraud, Insurance fraud, Fraudulent Misrepresentation, Coercion, and Blackmail." Plaintiff also alleges that various individuals and federal, state, and local government agencies illegally acquired monetary compensation by misrepresenting that plaintiff was Osama Bin Laden. Plaintiff further alleges that "[t]he defendants criminally slandered and fraudulently misrepresented the plaintiff to be a homosexual for the purpose of a United States Supreme Court decision permitting 'gay marriage.'" He also alleges that various agencies and organizations, in conjunction with former Governor Arnold Schwarzenegger and Governor Jerry Brown, violated his "human, privacy, and civil rights under the United States Constitution." Plaintiff claims that the named defendants "criminally slandered and caused immeasurable injury to the plaintiff's reputation and good name." He also alleges that the named defendants harassed, intimidated, coerced, blackmailed, physically assaulted, falsely arrested, and falsely convicted plaintiff as part of a conspiracy to suppress his constitutional rights.

In addition to these 43 complaints, plaintiff has two other cases pending. These other two do not utilize either of the two versions of complaints discussed above. Nonetheless, they also must be dismissed as frivolous.

In the first action, *Maxey v. United States of America*, 2:13-cv-2620-TLN-DAD, plaintiff alleges that Kaiser Permanente Hospital and various staff members illegally provided his psychiatric medical records to the defendants, which include the United States of America, the United Kingdom, the Sacramento Kings Professional Basketball team, Halliburton U.S.A., Bel Air Supermarkets, Inc., and Chevron Gasoline Inc., just to name a few. He also claims that in February 2013 he was wrongly arrested for driving under the influence and that in July 2013, police officers came to his home and "illegally interrogated the plaintiff as to whether or not he had taken his medication." Two days after this interrogation, police allegedly came to plaintiff's home after he was assaulted by another individual and accused plaintiff of staging a fight scene. Plaintiff also claims that he was arrested by two police officers in August 2013, but instead of taking plaintiff to jail they took him to a hospital emergency room without being charged for a crime. ECF No. 1 at 5-8. Plaintiff also claims in this complaint that he was wrongfully discharged form his employment from Sierra College in December 2003. After his discharge,

plaintiff allegedly "became the symbol of a social cause contrary to the 'Defense of Marriage Act.'" He was also misclassified as a terrorist by the Bush Administration, and has since been "harassed, intimidated, physically assaulted, falsely arrested, falsely convicted, falsely imprisoned, blackmailed and coerced by" George Bush, Daniel Lungren, Queen Elizabeth, former governor Gray Davis, and individuals from various television stations, among others. *Id*. at 13-14.

In the remaining case, *Maxey v. United States*, 2:14-cv-900-JAM-KJN, plaintiff alleges that in 1969, the United States government, in conjunction with the United Kingdom, implanted into plaintiff's body a satellite instrument to monitor his whereabouts. In this case he also alleges, in conclusory fashion, that he has been threatened, defamed, and subjected to violence. Plaintiff seeks an order requiring defendants to remove the satellite device from his body.

Finally, in *Maxey v. United States of America*, 2:13-cv-2620-TLN-DAD PS, plaintiff filed a motion for a preliminary injunction. ECF No. 4. Given that the complaint in that action must be dismissed as frivolous, plaintiff necessarily has not met the standards for a preliminary injunction and the motion must be denied. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1109 (9th Cir. 2009) (In order to be entitled to a preliminary injunction, a party must demonstrate, among other things, "that he is likely to succeed on merits. . . .").

Plaintiff has now filed 143 complaints that provide no clue as to what cause of action is being asserted against what defendant. Apart from the sheer number of seemingly delusional complaints filed by plaintiff, his complaints name many different defendants who--as best as can be gleaned from the complaints--appear to have nothing to do with plaintiff, including the National Basketball Association, the National Football League, Donald Rumsfeld, Condoleezza Rice, and the San Diego International Airport, just to name a few. Plaintiff's allegations include conclusory and unexplained assertions that the defendants in each case blackmailed, falsely imprisoned, defamed his name, and physically assaulted him. However, the complaints do not contain specific factual allegations showing any particular cause of action as to any particular defendant. Nor do his complaints show how this court would have subject matter jurisdiction over any such claim. Given the failure of the complaints to establish or even suggest a legally

cognizable claim, the court finds that all of plaintiff's above-captioned complaints are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (observing that a court has the "power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," which includes "claims describing fantastic or delusional scenarios."). Accordingly, all of the above-entitled actions must be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

To date, 98 of plaintiff's actions have been dismissed as frivolous. *See Maxey v. Cal. State Bar Assn.*, 2:14-cv-133-JAM-EFB PS, ECF Nos. 3, 5; *Maxey v. Cal. Medical Bd.*, No. 2:14-cv-238-JAM-EFB PS, ECF Nos. 3, 4; *Maxey v. McConnell*, No. 2:14-cv-269-JAM-EFB PS, ECF Nos. 3, 4. Adjudication of these 98 cases, plus the 45 cases currently pending before the court, has required court staff to avert attention from other actions in a district with a severely impacted caseload to attend to plaintiff's numerous complaints which have proven to be patently frivolously. The court cannot tolerate the waste of its limited resources in this manner. Accordingly, plaintiff is admonished that any further filing of a complaint or pleading by plaintiff which is found to be frivolous will result in a recommendation that he be declared a vexatious litigant and that filing restrictions be imposed. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1197, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation.").

Accordingly, it is hereby ORDERED that:

1. The above-entitled actions are reassigned to Judge Mendez and Magistrate Judge Brennan for all further proceedings.

2. Plaintiff's requests for leave to proceed *in forma pauperis*, filed in the above-entitled actions, are granted subject to the recommendation below.

3. The Clerk is directed to file a copy of this order and findings and recommendations in the above-entitled cases.

/////

1    Further, it is RECOMMENDED that:

2    1.  Plaintiff's motion for a preliminary injunction in *Maxey v. United States of America*, 2:13-cv-2620-TLN-DAD PS, ECF No. 4, be denied;

3    2.  Plaintiff's complaints filed in the above-entitled cases be dismissed without leave to amend; and

4    3.  The Clerk be directed to close the above-entitled cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 28, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

16